(Reap. Dec. 10541)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry No. 61426, etc.

(Decided June 18, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule A, attached to and made a part of this decision, have been submitted for decision on the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is incorporated herein, consists of dolls, etc., exported from Japan, and that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus f.o.b. charges set out on the invoices, but not including the buying commission.

That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is included on the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, which is subject to appraisement under Section 402(a) of the Tariff Act of 1930 as amended, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

Accepting this stipulation as an agreed statement of facts, I find and hold that export value, as defined in section 402 of the Tariff Act of 1930, effective on the dates the merchandise was entered or withdrawn from warehouse for consumption, is the proper basis for determination of the values of the merchandise, covered by the entries in these appeals for reappraisement, and that such values of the

respective items of merchandise are the invoice unit values, plus f.o.b. charges set out on the invoices, but not including the buying commission.

Judgment will be entered accordingly.